IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNION ELECTRIC COMPANY ) | |
| d/b/a Ameren Missouri, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:11-CV-00299 |
| v. ) | |
| ) | |
| CABLE ONE, INC., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MEMORANDUM
IN SUPPORT OF ITS MOTION TO LIFT STAY**

**Introduction**

Plaintiff Union Electric Company d/b/a Ameren Missouri ("Ameren") has moved to lift the stay entered September 27, 2011. It has now been one year since the parties last filed Status Reports concerning this matter. Since then, there have been no developments at the FCC that impact this case in any way. This case is needlessly in limbo.

**Argument**

On September 27, 2011, this Court stayed this action at Cable One's request, and over Ameren's objection, on the grounds that the FCC has primary jurisdiction over the classification of services offered by Cable One. Clearly contemplated in the Court's Order was that a complaint would be filed with the FCC to determine the relevant issues. As Ameren explained in its April 3, 2012 Status Report (Doc. 23): (1) Cable One "has done nothing to invoke the FCC's jurisdiction by filing a pole attachment complaint or other action since this case was stayed at its request"; and (2) "[t]he FCC rules do not allow Ameren to file its breach of contract action at the FCC." Cable One has never disputed these facts, but instead has contended that this

Court's Memorandum and Order contemplated that *Ameren* might make such a filing.  Ameren does not read this Court's Order in that manner and, in any event, such a command would be futile—pole owners such as Ameren *cannot* seek collection of unpaid pole attachment rentals at the FCC and *cannot* file FCC pole attachment complaints against individual attachers to seek peremptory declarations regarding the nature of their attachments.  In fact, under the FCC's pole attachment rules, a utility's complaint right is awkwardly limited to contending "that a rate, term or condition for pole attachment is not just or reasonable."  47 C.F.R. § 1.1402(d)(2).  As a practical matter, the FCC's pole attachment complaint process is for attachers, not pole owners such as Ameren.

Because of the stay, Cable One has been able thus far to invoke the doctrine of primary jurisdiction and, unless *it* chooses to initiate a proceeding at the FCC, indefinitely forestall Ameren from ever enforcing its state law contract rights.  But as the Eighth Circuit has recognized, "the doctrine of primary jurisdiction is not a doctrine of futility."  *Owner-Operator Independent Drivers Ass'n, Inc. v. New Prime, Inc.*, 192 F.3d 778, 786 (8th Cir. 1999) (quoting *Local Union No. 189, Amalgamated Meat Cutters v. Jewel Tea Co.,* 381 U.S. 676, 686 (1965)).  And that is exactly the result here:  staying a case without requiring the only party who *can* invoke the FCC's jurisdiction do so renders the reference to the agency futile.  The FCC cannot address an issue not before it; and Ameren cannot bring the issue to the FCC.

There is no issue implicated by this case that is before the FCC or the D.C. Circuit.  Neither of the reconsideration petitions nor the appeal to the D.C. Circuit raises issues concerning the classification of services.  According to the Statement of Issues filed at the D.C. Circuit (attached to Plaintiff's Status Report Reply (Doc. #25) as Exhibit A), the petitioners are raising issues concerning attachment rights of incumbent local exchange carriers, the new

2

formula for the telecom rate, and the "refund period" in complaint proceedings.  The two reconsideration petitions (attached to Plaintiff's Status Report Reply (Doc. #25) as Exhibits B and C) raise issues related to operations and to the revised formula for the telecom rate, but neither implicates the classification of services.

There is no reason to continue the stay in this case.  Cable One should not be permitted to invoke the doctrine of primary jurisdiction and then, as the sole party with standing to invoke the FCC's jurisdiction to resolve the issues it contends are within the FCC's primary jurisdiction, forestall further proceedings indefinitely.  That result nullifies Ameren's state law contract rights and renders primary jurisdiction futile.  Unless the stay is lifted, Ameren will be forever without a remedy.

WHEREFORE, Ameren requests that this Court dissolve its stay and allow this case to move forward on the merits.

Respectfully submitted,

HERZOG CREBS LLP

By: ___/s/ *Gene J. Brockland*_____
Gene J. Brockland - #32770MO
James D. Maschhoff - #41821MO
Brian M. Wacker  - #61913MO
100 North Broadway, 14th Floor
St. Louis, MO  63102
Phone:  314-231-6700
Fax:     314-231-4656

Attorneys for Plaintiff Union Electric Co.
d/b/a Ameren Missouri

3

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing was sent on this 4th day of April, 2013, electronically by ECF notification, to:

Leland B. Curtis
Carl J. Lumley
Crutis, Heinz, Garrett & O'Keefe, P.C.
130 S. Bemiston, Suite 200
Clayton, Missouri 63105
lcurtic@lawfirmemail.com
clumley@lawfirmemail.com

Cherie R. Kiser
Angela F. Collins
Cahill Gordon & Reindel LLP
1990 K Street, NW, Suite 950
Washington, DC 20006
ckiser@cgrdc.com
acollins@cgrdc.com

Thorn Rosenthal
Megan A. Sramek
Cahill Gordon & Rendel LLP
80 Pine Street
New York, NY  10005
trosenthal@cahill.com
msramek@cahill.com

                                              /s/ *Gene J. Brockland*

p:\7900\7954\7954-102 - voip\pleadings\cable one\federal court\ameren's memo in support of mtn to lift stay - 4-4-13.docx