UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNION ELECTRIC COMPANY d/b/a AMEREN MISSOURI, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. 4:11-CV-299 (CEJ) ) |
| CABLE ONE, INC., | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to lift the stay that was entered in deference to the primary jurisdiction of the Federal Communications Commission (FCC) and defendant's renewed motion to dismiss.  Responses to both motions have been filed, and the issues are fully briefed.

### I.    Background

Plaintiff owns utility poles throughout the State of Missouri. Defendant provides residential and commercial cable television, Internet access, and Voice over Internet Protocol (VoIP) service. Plaintiff and defendant are parties to a "Master Facilities Licensing Agreement," which allows defendant to install its network equipment on plaintiff's utility poles. Defendant pays fees to plaintiff based upon the number and classification of each pole attachment it installs. Under the agreement, an attachment is classified as either a cable television (CATV) attachment or a telecommunications attachment, depending on the type of service provided through the attachment.

Plaintiff's complaint alleges that defendant breached the parties' agreement by providing telecommunication services through attachments that were reported by

defendant to be CATV attachments. Because the rate for telecommunication attachments are higher, plaintiff claims that defendant owes additional fees for each improperly designated attachment.

In defendant's original motion to dismiss or stay, filed on February 22, 2011, defendant argued that the key issue in this case is whether defendant's provision of VoIP service permits plaintiff to unilaterally re-classify defendant's cable television attachments as telecommunication attachments. The defendant reasoned that the classification of VoIP is a matter within the expertise and experience of the FFC and, as such, the issue should be referred to the FCC under the primary jurisdiction doctrine.  (Doc. #10).

On September 27, 2011, the Court granted defendant's motion to stay proceedings. The Court ordered that this matter be stayed until a determination by the FCC of the issues raised in plaintiff's complaint. The Court declined to dismiss the case without prejudice, because during the FCC proceedings the statute of limitations would continue to run and that could prevent plaintiff from seeking judicial relief on its underlying breach of contract claim. (Doc. #20).

II.   Discussion

In support of the motion to lift stay, plaintiff contends that defendant is the only party who can invoke the FCC's jurisdiction by filing a pole attachment complaint and that defendant's failure to do so has forestalled plaintiff from enforcing its state law contract rights. Plaintiff additionally argues that the Court should lift the stay because this action is not dependant upon the FCC's classification of VoIP services.

"When a district court determines that primary jurisdiction applies, it enables a 'referral' of the issue to the relevant agency." Clark v. Time Warner Cable, 523 F.3d 1110, 1115 (9th Cir. 2008) (citing Reiter v. Cooper, 507 U.S. 258, 268 (1993)). "In practice, this means that the court either stays the proceedings or dismisses the case without prejudice, so that the parties may seek an administrative ruling." *Id.* (citing Syntek Semiconductor Co., Ltd. v. Microchip Tech. Inc., 307 F. 3d 775, 782 n.3 (9th Cir. 2002)). Primary jurisdiction is typically invoked in situations that involve "resolution of an issue of first impression, or of a particularly complicated issue best resolved by the administrative agency." Pimental v. Google, Inc., 2012 WL 1458179, *3 (N.D. Cal. Apr. 26, 2012); see also Clark, 523 F.3d at 1114 (whether VoIP services should be classified as telecommunication or information services is an issue of first impression justifying primary jurisdiction).

Many of the arguments raised by plaintiff in its motion to lift stay have already been addressed in the September 9, 2011 Memorandum and Order. For example, plaintiff once again argues that discovery of the actual services offered over defendant's attachments will resolve the dispute and that FCC classification is unnecessary. However, the Court has already stated that this "reliance upon the uncertain results of discovery is misplaced" because discovery will not determine the proper classification of VoIP services, and without a proper classification, the Court will be unable to properly assess damages. (Doc. #20 at 5-6); *cf.* Northern Valley Communications, LLC v. Sprint, 2012 WL 997000, *9 (D.S.D. Mar. 23, 2012) ("Determining how, if at all, [plaintiff] should be compensated will likely require a determination of what rate applies to access charges incurred with VoIP technology,

which is solely with the FCC's expertise."). The plaintiff has presented no information that causes the Court to reconsider its previously-expressed reasons for deferring to the primary jurisdiction of the FCC. The Court acknowledges plaintiff's concern that this referral will cause a delay in proceedings. Indeed, at the time the stay was entered, the Court did not contemplate that plaintiff would fail to pursue a determination from the FCC, thereby causing further delay. Nevertheless, the Court finds that this detriment is outweighed by the FCC's expertise in classifying services along with the need for uniformity and consistency. See Glauser v. Twilio, Inc., 2012 WL 259426, *3 (N.D. Cal. Jan. 27, 2012).

Plaintiff's contention that only the defendant can invoke the FCC's determination is inaccurate. See 47 C.F.R. § 1.2(a) ("The Commission may, in accordance with section 5(d) of the Administrative Procedure Act, on motion or on its own motion issue a declaratory ruling terminating a controversy or removing uncertainty."). Either a plaintiff or a defendant has the ability to submit claims before the FCC. See e.g. Pleading Cycle Established for Comments on Petition for Declaratory Ruling of American Electric Power Service et. al Regarding the Rate for Cable System Pole Attachments used to Provide Voice over Internet Protocol Service, available at http://apps.fcc.gov/ecfs/proceeding/view?z=37pih&name=09-154 (last visited May 9, 2013) (plaintiff brought a petition for a declaratory ruling before the FCC); LO/AD Communications, B.V.I., Ltd. v. MCI WorldCom, 2001 WL 64741 (S.D.N.Y. Jan. 24, 2001) (plaintiff was instructed to submit claim to FCC); Sprint Corp. v. Evans, 846 F. Supp. 1497, 1510 (M.D. Ala. 1994) (defendant was instructed to submit claim to FCC).

Plaintiff is the party that initiated suit, that seeks compensation for defendant's alleged underreporting of telecommunication attachments, and who has the greatest interest in resolving this issue.  Although the stay order did not specifically require plaintiff to submit the VoIP issue to the FCC, under the circumstances it is not unreasonable to expect plaintiff to take on the responsibility of moving the case forward by filing a petition. See Reiter, 507 U.S. at 258, n.3 (a primary jurisdiction referral allows "the plaintiff a reasonable opportunity within which to apply to the Commission for a ruling.").  Therefore, plaintiff will be directed to file a petition with the FCC within thirty days. If plaintiff does not file within the allotted time, the Court will lift the stay and dismiss this case for failure to prosecute. See All American Telephone Co., Inc. v. AT&T, Inc., 2009 WL 691325, at *4 (S.D.N.Y. 2009) (court may dismiss claim for failure to prosecute if the party bringing the claim does not timely file a petition with the administrative agency).

Lastly, defendant argues that this case should be dismissed because "recent legal pronouncements addressing the classification issues in this case demonstrate that [plaintiff] will not be able to cure the defects in its pleading." As the Court has previously stated, the FCC is in the best position to determine the categorization of the VoIP service. None of the pronouncements that defendant cites are determinations by the FCC declaring that VoIP is a cable service. The Court finds that plaintiff's complaint includes enough facts to state a claim for relief that is plausible on its face. See Bell Atlantic Corp., Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)

* * *

For the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion to lift stay [Doc. # 26] is **denied**.

**IT IS FURTHER ORDERED** that defendant's renewed motion to dismiss [Doc. # 29] is **denied**.

**IT IS FURTHER ORDERED** that plaintiff shall have until **June 24, 2013** to file a petition with the FCC. If plaintiff fails to comply with this order, the Court will dismiss this action without prejudice.

```
                                    _____
                                    CAROL E. JACKSON
                                    UNITED STATES DISTRICT JUDGE
```

Dated this 23rd day of May, 2013.